In the Matter of the Election of Directors of the Columbia Engineering Works, Incorporated, Respondent. (Appeal No. 1.) Brooklyn Trust Company, as Executor, etc., of John McNeil, Deceased, and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ., concurred.

In the Matter of the Election of Directors of the Columbia Engineering Works, Incorporated, Appellant. Donald McNeil and Frank W. Post, Jr., Appellants; Brooklyn Trust Company and John R. McNeil, Respondents. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ., concurred.

In the Matter of the Application of The Joseph Fallert Brewing Company, Limited, Appellant, for a Writ of Mandamus. William A. Prendergast, Comptroller of the City of New York, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Carr, Woodward and Rich, JJ., concurred.

In the Matter of the Estate of James Surpless, Deceased. In the Matter of the Application of Catharine L. Surpless, in Her Own Behalf and as Mother and Next Friend of Eleanor L. Surpless, an Infant, Respondent, for an Order Directing the Testamentary Trustees to Appear and Show Cause Why the Income of the Trust Fund Bequeathed to Them Is Not Paid, etc. Abner C. Surpless, Individually, and as Executor and Trustee, etc., of James Surpless, Deceased, Appellant.— Order of the Surrogate's Court of Kings county affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Carr, Woodward and Rich, JJ., concurred.

Adolph Levin, Respondent, v. Samuel N. Berlin and Bernhard Trosky, Appellants.— Judgment reversed and new trial granted, costs to abide the event, unless within ten days plaintiff stipulate to reduce the amount of the recovery by the sum of $130, with interest from June 7, 1909, to the date of the entry of the judgment, in which case the judgment appealed from is affirmed, without costs. This reduction is made upon the ground that the order to change the sewer pipes in the cellar was made by the architect and not by the defendants, and that as to this item there is no evidence of any waiver by defendants of the provision in the contract respecting written orders for extra work. Jenks, P. J., Burr, Thomas, Carr and Woodward, JJ., concurred.